IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSICA ANNE KELLY and KENNETH L. KELLY, JR.,
her husband, and A.E.K., a minor who sues by
and through her mother and next friend,
JESSICA ANNE KELLY,

    Plaintiffs,

v.                                    Civil Action No. 5:11CV36
                                                (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

The plaintiffs commenced this civil action in the Circuit Court of Ohio County, West Virginia to recover damages as a result of the defendants' refusal to pay underinsured motorist bodily injury benefits. Subsequent to a motor vehicle collision that occurred on February 2, 2009 in North Franklin Township, Pennsylvania, the plaintiffs presented a claim for underinsured motorist bodily injury benefits due and owing under their Nationwide Mutual Insurance Company ("Nationwide") insurance policy.[1] The plaintiffs allege that Melinda Beck negligently drove her vehicle through a red light and crashed into the automobile owned and operated by Jessica Anne Kelly, causing Ms. Kelly's car to hit a third car. The plaintiffs further allege that at the time

---

[1] Policy No. 92 47 K 264522.

of the accident, Jessica Anne Kelly was in the course and scope of her employment with Finish Line, Inc. ("Finish Line"). Finish Line and its employees, according to the plaintiffs, are covered by a motor vehicle insurance policy issued by Travelers Property Casualty Company of America ("Travelers") that provides underinsured motorist coverage.[2]

The plaintiffs represent that Melinda Beck paid $15,000.00 to Jessica Anne Kelly, representing the full amount of liability coverage. The plaintiffs also argue that they are covered by Nationwide's policy of motor vehicle liability insurance, which includes $20,000.00 in underinsured motorist coverage. The plaintiffs seek to recover this $20,000.00, which Nationwide has allegedly refused to pay. Additionally, the plaintiffs seek a declaration of rights under the policy issued by Travelers, specifically, a declaration of whether underinsured motorist coverage exists for the plaintiffs' injuries arising out of the car accident.

On March 7, 2011, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1332, asserting that although the plaintiffs did not demand a specific dollar amount in their complaint, it is likely that the amount in controversy exceeds $75,000.00. Following the removal of the action, the plaintiffs filed a motion to remand asserting that the defendants have failed

---

[2]Policy No. PSAT-612K8581.

to establish that the amount in controversy exceeds $75,000.00. The plaintiffs' motion to remand is now fully briefed and is pending before this Court. For the reasons set forth below, the plaintiffs' motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

In their motion to remand, the plaintiffs contend that federal jurisdiction is lacking because the defendants have failed to establish that the amount in controversy exceeds $75,000.00. Specifically, the plaintiffs argue that the defendants have not offered competent proof that the jurisdictional amount has been

satisfied. According to the plaintiffs, the defendants only reference the kinds of damages that the plaintiffs seek to recover and the amount that a jury might <u>possibly</u> award in support of removal. Further, the plaintiffs argue that even though the defendants believe that the case has a value in excess of $20,000.00 because of the joinder of Travelers, this belief is insufficient proof of the requisite amount in controversy.

In response, the defendants argue that the plaintiffs claim damages in excess of $35,000.00. Should the plaintiffs prevail in their claim against Nationwide, the defendants contend that they will be entitled to attorney's fees and other damages for net economic loss, aggravation, and inconvenience. Moreover, the defendants argue that the plaintiffs can expect damages for medical bills, loss of income, pain and suffering, and inability to enjoy life. The defendants argue that if the plaintiffs were to prevail on the merits of the case, the sum of these damages likely totals a judgment in excess of $75,000.00. Thus, common sense suggests that the defendants have satisfied their burden of establishing that the amount in controversy exceeds $75,000.00.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the

4

amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof with regard to the amount in controversy. The defendants' removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. <u>See</u> <u>Marshall v. Kimble</u>, Civil Action No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) (citing <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1110-11 (D.N.M. 2000)). In this case, the defendants' contention that the plaintiffs could possibly recover an award in excess of $75,000.00 is pure speculation. Although the plaintiffs' complaint alleges injuries, damages and losses exceeding $35,000.00, this amount is significantly less than the required amount in controversy. Moreover, because the plaintiffs state that they have already recovered $15,000.00 from the tortfeasor, the actual amount in controversy seems to be even less than the defendants assert. (Compl. ¶ 9.)

The defendants point to general damages that the plaintiffs may be entitled to receive, such as attorney's fees, damages for economic loss, and damages for future medical bills, but they have failed to offer any evidence as to the exact amount of these damages. The plaintiffs highlight the fact that they have not pled a claim for substantially prevailing damages. Thus, this Court finds that attorney's fees, damages for net economic loss, and awards for aggravation and inconvenience should not be considered in determining the amount in controversy. See Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 80 (W. Va. 1986) (holding that when a policyholder substantially prevails in a property damage suit against an insurer, he is entitled to damages for net economic loss, an award for aggravation and inconvenience, as well as reasonable attorney's fees).

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or will exceed, $75,000.00 exclusive of interests and costs. This case involves a breach of contract claim involving a $20,000.00 policy limit and a request for declaratory judgment clarifying whether any underinsured motorist coverage under the Traveler's policy is available to the plaintiffs. Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 13, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE